**SCOFIELD, Collector of Internal Revenue v. GREER.**

No. 13242.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1950.

Edward J. P. Zimmerman, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Henry W. Moursund, U. S. Atty., San Antonio, Tex., for appellant.

Wright Matthews, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment awarding appellee a refund of income taxes and interest wrongfully assessed against him by the Commissioner after the latter had disallowed certain deductions that the taxpayer had claimed under the provisions of Sections 22(k) and 23(u) of the Internal Revenue Code, 26 U.S.C.A. §§ 22(k), 23(u). The court below found the facts to be as follows:

Dr. David Greer and Mrs. Ruth Phillips Greer, residents of Harris County, Texas, were married in 1921. Some time before May 7, 1942, they separated and lived apart with the intention of abandoning their relationship of husband and wife. Prior to May 7, 1942, Mrs. Greer instituted in the district court of Harris County, Texas, an action against Dr. Greer for divorce and for partition of their community property. During the time they were separated, and while the divorce proceedings were pending, they entered into negotiations for a settlement of their property rights, and reached an agreement with respect thereto. On May 7, 1942, before

the suit for divorce was heard, this agreement was executed in writing by Dr. Greer and Mrs. Ruth Phillips Greer. The agreement listed their community estate; made a division and partition thereof between them; provided for the custody and maintenance of their two minor children; obligated Dr. Greer to pay the attorney's fees and court costs of the divorce suit and property settlement; made provision for the payment of income taxes for the year 1941 and that part of 1942 prior to May 7, 1942, as well as for income and other taxes for subsequent periods; and provided, in addition, that Dr. Greer would make monthly payments to Mrs. Ruth Phillips Greer, which were to cease in the event of her remarriage. These payments were in addition to her share of the community property. On May 7, 1942, the divorce action was heard, and the written agreement was shown and explained to the court. The divorce was granted, and the decree of divorce made reference to the written agreement.

Subsequent to the divorce and pursuant to the provisions of the written agreement, Dr. Greer made monthly payments to Mrs. Ruth Phillips Greer in total annual amounts as follows: 1942, $4000; 1943, $7,365.16; 1944, $6200. He made deductions of these payments in his income tax returns for the years in question. Subsequent to the filing of these returns, the Commissioner determined that Dr. Greer should not be allowed these deductions and, for that reason, assessed additional taxes of $5,502.94 and $4,322.22. Such sums, together with interest in the amounts of $1,083.93 and $592.02, were paid by Dr. Greer to the Commissioner. Dr. Greer filed timely claims for refund of these amounts, which claims were disallowed. Thereupon, suit was brought in the court below by Dr. Greer for a recovery of these taxes and interest, and a judgment was had which allowed him a recovery from the appellant of the sum of $6,586.87 as an overpayment of income taxes for the year 1943, and the sum of $4,914.24 as an overpayment of income taxes for the year 1944, together with interest on each amount from July 28, 1947. It is from this judgment that this appeal was taken.

■ The only question presented for decision on this appeal is whether these payments, made by the taxpayer to his former wife in 1942, 1943, and 1944, pursuant to a written agreement between him and his wife, are deductible from his gross income under Sections 22(k) and 23(u) of the Internal Revenue Code. The evidence is clear that Dr. Greer intended to be and was obligated, under the terms of Paragraphs IV and V of the agreement, to make monthly support-payments to Mrs. Greer so long as she remained unmarried, in stipulated monthly amounts for the period from May, 1942, to April, 1952, both inclusive, and thereafter in monthly amounts to be determined with due regard to Dr. Greer's income at that time. The appellant contends that the court below violated the parol evidence rule by admitting testimony which contradicted the terms of the written agreement executed by Dr. Greer and Mrs. Ruth Phillips Greer; but this position is deemed by us to be not well taken, because appellant was not a party or privy of a party to such written agreement, and the parol evidence rule is not applicable. Moreover, the litigation concerns federal taxes, and the government was not a party to the written instrument involved. See 32 C.J.S., Evidence, § 861.

■ There were sufficient facts in evidence to enable the court below to determine the correct amount of refund, and there was substantial evidence to support the trial court's other findings of fact. Such findings bring the case within the requirements of Section 22(k) of the Internal Revenue Code. Therefore, the trial court was warranted in arriving at the conclusion of law that the taxpayer was entitled to his deductions, under the provisions of Section 23(u) of the Code, for the payments made by him to his former wife during the years 1942, 1943, and 1944. The judgment appealed from is affirmed.

Affirmed.