## LANDA v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. ASTIN.

### Nos. 11540, 11541.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1953.

Decided April 2, 1953.

Mr. Raymond N. Beebe, Washington, D. C., Mr. Raymond C. Cushwa, Washington, D. C., on the brief, for Alfons B. Landa.

Mr. George F. Lynch, Sp. Asst. to Atty. Gen., with whom Messrs. Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., were on the brief, for Commissioner of Internal Revenue.

Mr. Christopher A. Ray, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., also entered his appearance.

Mr. Meredith M. Daubin, Washington, D. C., for Marjorie M. Astin.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

The only question we need decide on these appeals is whether the Tax Court erred in refusing "to ascribe probative weight to oral testimony" explaining or contradicting the terms of certain written agreements. These agreements between

Mr. Landa[1] and his former wife, Mrs. Astin,[2] were made in connection with their separation and in contemplation of a divorce. They described certain $200 monthly payments, in dispute here, as installments of principal and interest on a $30,000 note evidencing an *"indebtedness * * * incurred after their marriage and while they were living as husband and wife"* (emphasis supplied). This description supported the view that the consideration for the payments did not arise out of their marital relationship. Thus under the Internal Revenue Code, only the interest would be deductible by Mr. Landa[3] and correspondingly taxable to Mrs. Astin.[4] On the other hand, the oral testimony of Mr. Landa supported the view that these payments were made to discharge his obligation for *alimony*,[5] and hence deductible by him under § 23(u),[6] and taxable to Mrs. Astin, under § 22(k).[7]

Relying solely upon the written agreements, the Tax Court held the payments were not intended as a substitute for alimony but were payments of principal and interest on an indebtedness not arising out of the marital relationship. In reaching this determination, the Tax Court said of the oral testimony:

"Whether this evidence was properly admitted might be an interesting question to which, however, we are not now required to give an answer. In the light of the agreement itself and the circumstances of its execution, we prefer to rely on the contents of a written document rather than to ascribe probative weight to oral testimony contradicting it."

This is equivalent to a ruling that the testimony was inadmissible. We think that was error. Generally, "[i]n the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding."[8] The taxpayer as well as the Commissioner of Internal Revenue is entitled to the benefit of this rule. Moreover, the oral testimony here was not barred by the parol evidence rule, since the Commissioner "was not a party or privy of a party to [the] written agreement[s]."[9] Nor was it "inherently improbable in the light of the circumstances and the situation of the parties as disclosed by other evidence."[10]

Since the rejected testimony is before us on this appeal, it might be argued that we are in substantially as good a position as the Tax Court to assess its probative weight. Perhaps so, but where, as here, the oral testimony may be in conflict with other evidence, we think it best to leave that function to the Tax Court. It is for that purpose that we remand these cases.

So ordered.

1. The petitioner in No. 11540.

2. The respondent in No. 11541.

3. 52 Stat. 460, 1938, 26 U.S.C. § 23(b), 1946.

4. 52 Stat. 457, 1938, as amended, 26 U.S. C. § 22(a), 1946.

5. Mr. Landa testified that the consideration for the agreement providing for the promissory note was maintenance and support for his former wife; that the amount was reached by negotiation in lieu of her demand for a lump sum settlement; that there was no other consideration; that she made no loans or gifts to him and was never in a position to do so. The written agreements were the only other evidence before the court on this issue. Cf. Landa v. Astin, 1951, 90 U.S.App.D.C. 86, 193 F.2d 369.

6. 56 Stat. 817, 1942, 26 U.S.C. § 23(u), 1946.

7. 56 Stat. 816, 1942, 26 U.S.C. § 22(k), 1946.

To protect the revenue, the Commissioner had refused to treat these payments as alimony in the case of Mr. Landa, and simultaneously required their treatment as alimony in the case of Mrs. Astin.

8. Helvering v. F. & R. Lazarus & Co., 1939, 308 U.S. 252, 255, 60 S.Ct. 209, 210, 84 L.Ed. 226.

9. Scofield v. Greer, 5 Cir., 1950, 185 F.2d 551, 552; and see Haverty Realty & Investment Co. v. Commissioner of Internal Revenue, 1944, 3 T.C. 161, 167, and cases cited therein.

10. Joe Balestrieri & Co. v. Commissioner of Internal Revenue, 9 Cir., 1949, 177 F.2d 867, 874.