Lionel G. THORSNESS and Dolores M.
Thorsness, Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 12313.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1958.

Alfred F. Beck, Chicago, Ill., for appellants.

Robert Tieken, U. S. Atty., Chicago, Ill., Charles K. Rice, Asst. Atty. Gen., Kenneth E. Levin, Lee A. Jackson, Melva M. Graney, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., Donald S. Lowitz, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, HASTINGS and PARKINSON, Circuit Judges.

MAJOR, Circuit Judge.

Lionel G. Thorsness and Dolores M. Thorsness, husband and wife, brought this action against the government to recover payments of income tax for the years 1949 and 1950, as assessed by the Commissioner of Internal Revenue.[1] The assessments were paid under protest upon disallowance of deductions of payments made by plaintiff to his former wife, Hazel Crocker Thorsness, claimed under Secs. 22(k) and 23(u) of the Revenue Code of 1939 (Title 26 U.S.C.A. 1952 ed., Secs. 22 and 23). A trial was had by jury which returned a verdict in favor of defendant. The appeal comes to this Court from the judgment predicated upon such verdict.

Plaintiff was divorced from Hazel Crocker Thorsness by a decree entered in the Superior Court of Cook County, Illinois, on June 21, 1948. Prior to the entry of such decree, Thorsness and his former wife executed a written agreement dated June 18, 1948, which purported to settle their marital and property rights. The settlement agreement was not incorporated in or made a part of

---

1. Dolores M. Thorsness is plaintiff only from the fact that she filed a joint income tax return with her husband. Otherwise, she is not interested in the suit and need not be further mentioned. Lionel G. Thorsness will hereafter be referred to as plaintiff.

the divorce decree. The latter, however, recites that the Court is informed that the parties have entered into a contract "in regard to their respective marital property rights and marital financial obligations and that such contract is in lieu of allowance to the plaintiff of alimony, support money or attorneys' fees, and property rights." The decree further recites that at the instance of the plaintiff (Hazel Crocker Thorsness) the Court makes no allowance "in favor of the plaintiff on account of the defendant's marital obligations or property rights." The Court in the decree specified that no jurisdiction was reserved for the purpose of making any such allowance or award.

The separation agreement among other things recites:

"The wife has heretofore filed suit in the Superior Court of Cook County, Illinois, praying for separate maintenance and *for the recovery of certain moneys which she alleges were advanced to the husband* and to impress a trust for the use and benefit of the wife in and to certain real estate now held in trust by the Trust Company of Chicago, under Trust Agreements, Nos. 5466, 5467 and 5468, under which the husband is the beneficial owner in whole or in part.

\* \* \* \* \* \*

" \* \* \* the provisions, covenants and engagements expressed in this agreement, shall, when fully paid, stand and be in lieu of temporary and permanent alimony, support and solicitors' fees, and in full settlement of all property rights between the parties hereto, *including claims for accounting*, dower, homestead, and division of real estate and personal property, now owned each by the other, or hereafter acquired, either in trust or otherwise. (Italics supplied.)"

The agreement provides that the husband shall pay to the wife the sum of $25,000, as follows: $3,000 on June 30, 1948; $200 per month commencing January 1, 1949, and for ninety-nine succeeding months thereafter, and $100 per month commencing May 1, 1957, and for nineteen succeeding months thereafter, the final payment of $100 to be made on December 1, 1958. It is then provided:

"The amounts hereinabove contracted to be paid are, when fully paid, to be in lieu of temporary and permanent alimony, support, and solicitors' fees, and in full settlement of all property rights between the parties hereto, real, personal and mixed, *including claim for accounting*, dower, homestead, furniture, and division of real estate in trust or otherwise, now owned, or hereafter acquired by the parties hereto. (Italics supplied.)"

We think there is no point in enumerating other provisions of the agreement which purport to settle the rights of the parties in certain designated properties. The portions which we have set forth are sufficient for the purposes of this appeal.

Thorsness made the payments to his former wife pursuant to the separation agreement. For the years 1949 and 1950, plaintiff (and his wife) sought to deduct such payments in their joint income tax returns. The Commissioner refused to allow such deductions and assessed deficiencies for those years. As previously noted, such deficiencies were paid under protest and the present action is to recover the payments thus made.

Plaintiff's asserted right to deduct the payments thus made is based upon Sec. 23, which provides:

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(u) \* \* \* In the case of a husband described in section 22(k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. \* \* \*"

Thus, the husband's right to deduct is dependent upon the wife's obligation to include such payments in her gross income. This obligation, if it exists, is

imposed by Sec. 22(k), which provides, so far as material to the instant case, that payments shall be includible in the gross income of the wife providing they are made in discharge of "a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband." [2]

The issue for decision is whether the payments made by plaintiff were in discharge of a legal obligation arising from the marital relationship or were, in whole or in part, in discharge of an obligation, other than that arising from the marital relationship. More simply stated, the question is whether such payments were made in discharge of a marital obligation or as repayment of loans.

■ Plaintiff contends that the agreement speaks for itself and that the Court erred in the admission of parol testimony in explanation of its terms. In our view, this contention must be rejected for a number of reasons. As already noted, the agreement recites that plaintiff's former wife had pending in the State Court a suit "for the recovery of certain moneys which she alleges were advanced to the husband," and that the payments which plaintiff obligated himself to make were, among other things, in settlement of property rights between the parties, "including claims for accounting." Thus, it cannot be held as a matter of law from the terms of the agreement that the payments were solely in discharge of a marital obligation. The most that can be said is that they might have been made in part for such purpose and in part for the repayment of loans. Assuming that such was the case, the burden was upon plaintiff to prove what portion of the payments were deductible under the statute. This he made no effort to do.

At any rate, plaintiff is in a poor position to insist that the separation agreement alone is controlling. It was plaintiff who demanded a trial by jury, which is hardly consistent with the thought that only an issue of law was involved.

More than that, the issue presented to the jury, that is, whether the payments were in discharge of a marital obligation or in discharge of a debt owing his wife, apparently was acquiesced in by plaintiff. Thorsness was called as witness on his own behalf and, after identifying the separation agreement and the divorce decree, testified in chief in explanation of certain provisions of the separation agreement.

He was cross-examined in detail, in the main without objection, concerning property which they each owned at the time of marriage as well as that later acquired. He admitted that money of the parties was deposited in what was referred to as a building account, on which he alone had authority to issue checks, and also that he operated her property and his, and that the income received therefrom was commingled. He testified that the wife's suit for an accounting pending in the State Court was a "spite suit." He denied that any part of the payments made pursuant to the agreement was in discharge of a debt which he owed his wife.

Hazel Crocker Thorsness (plaintiff's former wife) testified that she had during their marriage advanced or loaned her husband more than $25,000, and that the payments which he promised in the separation agreement to make were in discharge of an obligation arising by reason of the loans or advances which she had made to him.

■■ Plaintiff asserts that the testimony of his former wife violated the parol evidence rule. In the first place, as shown, there was ambiguity or uncertainty in the separation agreement as to the purpose for which plaintiff was obligated to make payments. Such being the case, the testimony of the parties to the agreement was properly received for the purpose of showing their intent. More than that, the testimony of plaintiff's former wife, which we have previously related, was heard without objec-

---

2. The government concedes, as we understand, that the payments made by plaintiff meet all other requirements of this section.

tion. In any event, it has been held that the parol evidence rule is not applicable to the instant situation where the government was not a party or privy of a party to the written agreement. Landa v. Commissioner, 92 U.S.App.D.C. 196, 206 F.2d 431, 432; Scofield v. Greer, 5 Cir., 185 F.2d 551, 552.

We have considered and find without merit other errors relied upon by plaintiff. The case was submitted to the jury, which decided the issue of fact involved adversely to plaintiff. We cannot hold that its verdict is without rational support.

The judgment appealed from is Affirmed.