Howard H. KNOWLES, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2867.

United States District Court
S. D. Mississippi,
Jackson Division.

Feb. 17, 1960.

Vardaman S. Dunn, Jackson, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

MIZE, District Judge.

This is a suit by plaintiff to recover income taxes in the amount of $11,986.74 plus interest, alleged to have been illegally assessed and collected for the year 1956.

### Question Presented

Whether the $25,000 lump sum alimony payment that the taxpayer was required to make to his former wife, pursuant to the terms of a divorce decree, was a nondeductible lump sum installment payment (as contended by the Commissioner of Internal Revenue), or was a deductible periodic payment of alimony (as contended by the taxpayer).

### Statutes Involved

Internal Revenue Code of 1954:

"§ 71. Alimony and separate maintenance payments.

"(a) General rule.—

"(1) *Decree of divorce or separate maintenance.*—

"If a wife is legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *

"(c) *Principal sum paid in installments.*—

"(1) General rule.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. * *."

(26 U.S.C. 1958 ed., § 71.)

"§ 215. Alimony, etc., payments.

"(a) *General rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71

in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71 (d) or 682, the amount thereof is not includible in the husband's gross income. * * * " 26 U.S.C.A. § 215.

Knowles claims a refund of the taxes paid as a result of the Commissioner's disallowance of a claimed deduction by the taxpayer of alimony payments to his divorced wife in the calendar tax year of 1956. The decree is dated December 3, 1956. The taxpayer contends that the payment of $25,000 was one of a series of periodic payments and was a part of a single unified plan for discharging taxpayer's obligations to support his wife as imposed by law. He urges that the decree of divorce and alimony was one providing for a unified plan for the payment of alimony and that there was no separation of the payment of $25,000 from the monthly payments of $300 a month fixed by the decree, and contends the $25,000 payment was not an installment payment. Taxpayer relies to a large extent upon the case of Birdwell v. Commissioner, 5 Cir., 235 F.2d 112, and also cites the case of Pappenheimer v. Allen, 164 F.2d 428, Fifth Circuit case, quoting that part of the opinion in which it is stated that the theory of the subsection is that the wife shall pay the taxes on what she periodically receives from the husband in money or property.

The facts have been stipulated by the parties. The final decree of divorce and alimony is as follows:

### "Final Decree

"This cause coming on for hearing this day upon the original bill of complaint, answer thereto, cross bill, amended bill of complaint, answer to the amended bill of complaint, and all papers in said cause, and the cause proceeding to trial, and the Court having heard the evidence and argument of counsel, and the Court being satisfied as to the jurisdiction of the parties hereto and to this cause of action and that the complainant has established by a preponderance of the evidence the grounds of divorce on habitual cruel and inhuman treatment as set forth in the original and amended bill of complaint and is entitled to a full and complete divorce;

"It is, therefore, ordered, adjudged and decreed that the complainant, Mrs. Byrd W. Knowles, be and she is hereby awarded a full, complete and absolute divorce from the bonds of matrimony heretofore uniting her with the defendant, Howard H. Knowles.

The court further finds from the evidence that in fact the 1955 Chrysler sedan automobile, now in the possession of the complainant and heretofore used by her, is the property of the said complainant and that title thereto was by the defendant placed in the Gatesville Sand & Gravel Company, in which company the defendant owns the major interest, and that the placing of title to said automobile in said company was a subterfuge on the part of the said defendant, and the Court finds as a fact that said company holds title thereto in trust for the complainant herein.

"It is, therefore, ordered, adjudged and decreed that the said Mrs. Byrd W. Knowles be and she is hereby awarded the full possession, use and ownership of the 1955 Chrysler sedan automobile now in her custody.

"It is further ordered, adjudged and decreed that alimony be and it is hereby awarded to the said Mrs. Byrd W. Knowles in the lump sum of Twenty Five Thousand No/100 ($25,000.00) Dollars, for which judgment is hereby rendered against the defendant, and said judgment is hereby declared and fixed as a lien as of this date upon the homestead property occupied by the parties hereto during the marriage, and which homestead is described as follows, to-wit:

" (Description of property appears here in Final Decree of Divorce, but same not copied here)

"It is further ordered, adjudged and decreed that in addition to the lump sum

alimony above mentioned that Howard H. Knowles shall pay to Mrs. Byrd W. Knowles, the complainant, the sum of Three Hundred No/100 ($300.00) Dollars per month in cash, the first payment to be made on or before December 1, 1956, and a like payment shall be payable on or before the 1st day of each month thereafter until this provision in this decree may be changed by subsequent decrees of the Chancery Court of the First Judicial District of Hinds County, Mississippi.

It is further ordered, adjudged and decreed that the custody of the minor child, Sally Ann Knowles, be and she is hereby awarded to the complainant, Mrs. Byrd W. Knowles, who shall have the full custody and control over said child; provided, however, that said child shall be subject to reasonable visitation by the said Howard H. Knowles at reasonable time or times when it will not impair or interrupt the orderly management and rearing of said child.

"It is further ordered, adjudged and decreed that the defendant shall pay to Mrs. Byrd W. Knowles the sum of One Hundred No/100 ($100.00) Dollars per month in cash for the support, maintenance and education of the said minor child, Sally Ann Knowles, and the first payment shall be due and payable on December 1, 1956, and on or before the 1st day of each month thereafter until this provision in this decree may be changed by subsequent decrees of this Court.

"It is further ordered, adjudged and decreed that the complainant, Mrs. Byrd W. Knowles, shall vacate the homestead hereinabove described and heretofore occupied by her and her husband during their marriage on or before January 1, 1957; provided, however, that the said Mrs. Byrd W. Knowles may, until she vacates said homestead or before said date, be and she is hereby awarded the full use, pleasure and enjoyment of the said homestead; that in no event shall the said Mrs. Byrd W. Knowles remove either directly or indirectly any article of furniture, furnishing, or household items from the homestead property hereinabove described other than such items of personal property which are owned by her individually or that may be owned by the minor child of the parties hereto, namely Sally Ann Knowles. Otherwise, all the rest and residue of said furniture, furnishing and household articles shall be surrendered in good condition to the defendant, Howard H. Knowles, at the time the said Mrs. Byrd W. Knowles vacates said homestead property on or before the date aforesaid.

"It is further ordered, adjudged and decreed that the complainant, Mrs. Byrd W. Knowles, be and she is hereby allowed an attorney's fee in the amount of Five Hundred No/100 ($500.00) Dollars to pay for the legal services rendered in this cause by her attorneys, Barnett, Jones & Montgomery, said sum to be paid immediately, and judgment for same is hereby rendered in favor of Mrs. Byrd W. Knowles against Howard H. Knowles.

"It is further ordered, adjudged and decreed that the subject matter of this decree, with the exception of this divorce, is retained within the jurisdiction of the Chancery Court of the First Judicial District of Hinds County, Mississippi, and that there is expressly reserved in said Court the power to change the decree herein rendered in reference to alimony and the care, custody and support of said child, when and if changes in conditions should make such change necessary.

"It is further ordered, adjudged and decreed that the relief prayed for in the cross bill filed herein be denies, and that the same is hereby dismissed.

"It is further ordered, adjudged and decreed that the defendant, Howard H. Knowles, be and he is hereby taxed with all costs of this proceeding.

Ordered, adjudged and decreed this 3rd day of December, 1956.

"L. Arnold Pyle
"Chancellor"

During December, 1956, Mr. Knowles paid to his former wife the lump sum amount of $25,000. In addition, he paid

her a sum of $300 as the first monthly payment of the series required to be paid to her under the terms of the decree.

On his 1956 federal income tax return, Mr. Knowles sought to deduct the total sum of $25,300 as alimony which represented the total amount of alimony payments made to his former wife during that year. The $300 payment was allowed by the Commissioner as a periodic alimony deduction inasmuch as it was one of a series of monthly payments subject to change or modification, which would render the total amount uncertain. The $25,000 lump sum payment was disallowed as a deduction on the ground that it represented a single lump sum installment of a principal sum which was fixed in the divorce decree.

Section 215 of the 1954 Internal Revenue Code, supra, provides that alimony payments made by a husband are deductible to the husband, if includible in the gross income of the wife under Section 71, supra. The effect of holding the $25,000 payment in issue constituted a deductible item to him would result in that amount being taxed to the former Mrs. Knowles for income tax purposes. One or the other is liable.

Section 71(a) (1) requires alimony payments to be included in the wife's gross income if such payments are periodic. Section 71(c) (1) then specifies that installment payments which discharge a part of an obligation, the principal sum of which is specified in the decree, are not to be treated as periodic payments. Not all alimony payments made by a husband are deductible by him, but only those alimony payments which are periodic.

■ The applicable provisions of the Internal Revenue Code exclude from their benefits any payment which is to be made in a definitely ascertained lump sum at an appointed time and not as a part of a series of periodic payments. The word "periodic" is interpreted in its ordinary meaning, so as to require a period of indefinite duration over which the alimony payments are payable, and to exclude payments made in a lump sum. Norton v. Commissioner, 16 T.C. 1216, affirmed, 8 Cir., 192 F.2d 960.

The Government contends that the $25,000 lump sum alimony payment constituted a single lump sum installment payment of the $25,000 figure specified in the divorce decree, separate and apart from other alimony provisions. That under applicable statutory and case law, the taxpayer is not entitled to deduct this lump sum alimony payment for income tax purposes.

■ A construction of the final decree of divorce indicates clearly that there was no agreement by the parties but the cause was litigated in the Chancery Court and the Chancellor after mature consideration rendered the decree himself and made his finding of fact therein. There was no property settlement agreement between the parties themselves but whatever was done was done under a compulsion of the decree. It is equally clear that the Chancellor did not intend the $25,000 payment to be one of periodic payments, but it was an installment payment in discharging a part of an obligation specified in the decree and was not intended to be treated as a periodic payment. The language used in the decree with reference to alimony is contained in separate paragraphs and different language is used, indicating that the Chancellor intended that the husband should pay $25,000 immediately as an installment. In the paragraph of the decree awarding the $25,000 the court states that for this amount judgment is rendered and the judgment declared and fixed as a lien upon the property described therein and the Chancellor had no intent to reserve jurisdiction as to this $25,000 or to change it. Thereafter in another paragraph the Chancellor did fix a unified plan by which the husband should pay to the wife the sum of $300 per month until the decree might be changed by subsequent decrees of the court.

Certainly the Birdwell case, supra, is binding upon this court if applicable, but

the facts in the present case are different from those in the Birdwell case. In the Birdwell case the parties had agreed upon their own plan and which, from all the facts in the case, indicated that it was the intention of the parties that the alimony should conform to a uniform plan. The parties evidently drew that agreement with the income tax laws in mind, whereas in the instant case the careful construction of the decree would indicate that the parties nor the court gave any thought as to the effect of the decree upon the payment of taxes. The entry by the Chancellor of a judgment for $25,000 against the husband and placing a lien upon the homestead to secure the payment of that part of the judgment indicates definitely that the $25,000 lump sum payment was simply an installment and does not fall within the definition of periodic payments provided in the federal statute. The facts of the present case place it under the rule laid down in Norton v. Commissioner, 8 Cir., 192 F.2d 960, Baer v. Commissioner, 8 Cir., 196 F.2d 646. In the Baer case the parties had entered into a property settlement for a settlement of all property rights. The agreement provided that in discharge of the legal obligations of the husband he would pay his wife immediately after the divorce a lump sum of $35,000 to enable her to purchase and pay for certain described property as a home for herself and daughter. The husband claimed a deduction of the $35,000 and this was disallowed and the court upheld the disallowance. See also Bartsch v. Commissioner, 2 Cir., 203 F.2d 715.

The facts of the Birdwell case, supra, are not fully stated in the opinion of the court, but I have examined the agreement between the parties and the briefs of the respective parties in that case and when viewed in the light of the contentions of the parties and the facts of the case it is clear that the parties had agreed upon a specified, fixed amount of alimony payable in a designated manner over a period of time, whereas in the case now before me the decree does not provide for a fixed sum throughout the entirety of time the decree should last; but did designate the payment of the $25,000 in a lump sum separate and distinct from that part of the decree providing for $300 per month until the further order of the court.

It is my conclusion of law that under the facts of this case the $25,000 payment was an installment payment and not a part of periodic payments within the meaning of the federal statute.

The relief sought by plaintiff, therefore, should be denied and the complaint dismissed.