**Elizabeth H. BARDWELL, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7158.**

United States Court of Appeals Tenth Circuit.

June 18, 1963.

Julie M. Reardon, Denver, Colo. (Gene W. Reardon, Denver, Colo., on the brief), for petitioner.

C. Guy Tadlock, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson and Arthur E. Strout, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This petition for review of the decision of the Tax Court of the United States presents a question of the taxability to the petitioner under 26 U.S.C. § 71(a) (1),[1] of certain payments made to her by her husband subsequent to their divorce. It is not disputed that the payments of $425.00 each were made on a regular monthly basis by the husband under a written instrument which was incident to the divorce. Therefore, the narrow issue presented in this case is whether these payments were made in discharge of a legal obligation imposed upon the husband because of the marital or family relationship.

The petitioner commenced the divorce action against her husband on August 1, 1952. Shortly thereafter petitioner and her husband entered into an agreement which provided that the petitioner was to receive temporary alimony for a period of seven months in the amount of $425.00 per month, and thereafter the husband was to pay her $425.00 per month until she died or remarried. The agreement also provided that these payments would cease upon the death of the husband, but in another provision of the agreement, as amended, the husband was required to place his several insurance policies in trust for the benefit of the taxpayer. Pursuant to this provision "and until she dies or remarries" payments of $600.-00 per month would have been made to her after the husband's death.[2] It is emphasized that the agreement stated, with respect to the monthly payments, "these payments not to be alimony but as part of the property settlement." In another paragraph of the agreement the petitioner agreed to "accept the provisions hereof in full settlement for all claims for permanent alimony or support and as widow's allowance and as a property settlement and for any other claims and demands whatsoever including but not limited by the within enumeration." The Tax Court found that the agreement listed all of the assets owned by petitioner and her husband, and it is clear that a detailed and comprehensive division of their real and personal property was made in the agreement.

---

1. 26 U.S.C. § 71(a) (1) provides as follows:

"(1) Decree of divorce or separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

2. The pertinent provisions of the agreement are:

"8. Rodney is to pay Elizabeth as temporary alimony $350.00 a month com-

mencing August 1, 1952, and continuing during the time she is occupying the home under the terms of this agreement. When Elizabeth moves out of the house, Rodney is to pay her temporary alimony of $425.00 per month, $212.50 on September 15, 1952, and $425.00 on the first day of each and every month commencing October 1, 1952, with the last payment of alimony on March 1, 1953.

"9. Commencing April 1, 1953, Rodney is to pay Elizabeth $425.00 a month on the first of each and every month until she dies or remarries, these payments not to be alimony but as a part of the property settlement. However, such payments shall cease on the prior death of Rodney."

■■ The primary contention of petitioner is that under Colorado law the effect of the language used in the agreement is that these payments are not alimony. It is urged that Colorado law is determinative of the income tax questions, and that because of the Colorado rule, for purposes of applying 26 U.S.C. § 71(a) (1), the payments must be considered as being made in discharge of a property settlement rather than as "periodic payments" under the statute. The Colorado courts might well decline to categorize these payments as alimony,[3] and we have previously held that Colorado law governed, in a tax controversy, the question of whether the parties were or were not divorced. Commissioner of Internal Revenue v. Evans, 10 Cir., 211 F.2d 378. We do not agree, however, that the tax incidences of these payments under 26 U.S.C. § 71(a) (1) are to be governed by the rules of the state law. It is clear that one of the purposes intended by Congress in initially enacting this provision was that there would be uniformity of tax treatment for situations arising in the several states. Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306; S.Rep. No. 1631, 77th Cong., 2d Sess. 83 (1942); H.R.Rep. No. 2333, 77th Cong., 2d Sess. 72 (1942). We are in accord with the holding in Soltermann v. United States, 9 Cir., 272 F.2d 387, that state law is not binding upon the federal courts in determining income tax questions arising out of situations such as this.

■ One of the purposes intended by Congress in enacting this statute was that it would impose upon the person who actually received the use and benefit of income the responsibility for paying the taxes on that income. MacFadden v. Commissioner, 3 Cir., 250 F.2d 545, cert. denied 356 U.S. 968, 78 S.Ct. 1007, 2 L.Ed.2d 1074; S.Rep. No. 1631, 77th Cong., 2d Sess. 83 (1942); H.R.Rep. No. 2333, 77th Cong., 2d Sess. 71 (1942). See Soltermann v. United States, supra.

Congress sought to accomplish this while at the same time permitting a divorced wife or husband to receive a division of capital tax free.

■■ Turning to the facts of the instant case, it is noted that the agreement did not specify any aggregate sum to be paid to the petitioner in the form of these regular monthly payments. Further, it is not possible to compute any such aggregate sum because of the provision in the agreement to the effect that the payments would cease upon the death or remarriage of the petitioner. Other courts have attached significance to whether an aggregate sum was stated in or could be computed from the terms of the agreement. Campbell v. Lake, 5 Cir., 220 F.2d 341; Smith's Estate v. Commissioner, 3 Cir., 208 F.2d 349; Baker v. Commissioner, 2 Cir., 205 F.2d 369; Tate v. United States, E.D.Tenn., D.C., 207 F.Supp. 426. We conclude that the holding of these cases is that for income tax purposes payments must be categorized either as installment payments in discharge of a principal sum the taxability of which is governed by 26 U.S.C. § 71(c), or as periodic payments taxable to the recipient under 26 U.S.C. § 71(a) (1). See Knowles v. United States, S.D.Miss., 182 F.Supp. 150, aff'd 5 Cir., 290 F.2d 584. The thrust of petitioner's argument is that this might well be the rule, but her situation is different since the categorization is made by the agreement. We are not, however, bound by the labels which the parties attach to the payments in their agreement, especially when its other provisions make it equivocal, any more than we are bound by the rules of state law. Riddell v. Guggenheim, 9 Cir., 281 F.2d 836; Landa v. Commissioner, D.C.Cir., 92 U.S.App.D.C. 196, 206 F.2d 431; Scofield v. Greer, 5 Cir., 185 F.2d 551. The adoption of the agreement in the decree entered by the state court added nothing to the stature of the agreement so far as tax effects are concerned.

3. International Trust Co. v. Liebhardt, 111 Colo. 208, 139 P.2d 264, 149 A.L.R. 700.

■ The payments received by the petitioner in this case have all the attributes of alimony, and if it were not for the peculiar language in the agreement, the question could be readily resolved. The petitioner's husband testified that the parties intended that these payments were to be used for the support and maintenance of the wife after the divorce; the agreement did provide for a division of the parties' property; and there is nothing in the record to indicate that the wife surrendered any property interests or gave up anything other than her right to alimony in exchange for these payments. All of these factors are relevant in resolving the question presented here, and we agree that the payments made to this petitioner were "periodic payments" made in discharge of a legal obligation imposed upon the husband because of the marital or family relationship, and therefore were taxable to her as income under the provisions of 26 U.S.C. § 71(a) (1). There is nothing in the record to show that they were incurred for any reason other than the discharge of the husband's support obligation.

■■ The petitioner also asserts as error the admission of the testimony by her ex-husband concerning the intention of the parties. This agreement, however, was ambiguous to a degree that required explanation, and, under those circumstances, the tax court quite properly considered oral testimony relating to the intention of the parties. Riddell v. Guggenheim, supra; Thorsness v. United States, 7 Cir., 260 F.2d 341; Landa v. Commissioner, supra; Scofield v. Greer, supra. The Thorsness and Landa decisions quite correctly point out that, since the United States was not a party to the agreement, the parol evidence rule does not prevent the admission of the oral testimony.

■ The petitioner also complains of the oral testimony on the ground that it is contrary to the stipulation of facts entered into between her and the Commissioner in this action, and urges upon us the proposition that the Commissioner should not be permitted to impeach the stipulation of facts with oral testimony. As we read the stipulation of facts, however, the Commissioner did not stipulate that these payments were made as a part of a property settlement. He did nothing more than stipulate that the petitioner and her husband entered into the agreement, and the stipulation specifically says that "respondent is not bound by this terminology." We therefore conclude that no impeachment such as that complained of by the petitioner occurred.

Affirmed.