Michael N. Lambros v. Commissioner.
Lambros v. Commissioner
Docket No. 2028-70.
United States Tax Court
T.C. Memo 1971-135; 1971 Tax Ct. Memo LEXIS 199; 30 T.C.M. (CCH) 585; T.C.M. (RIA) 71135; June 9, 1971, Filed Willis S. Siferd, 1106 Cook Tower, Lima, Ohio, for the petitioner. Conley G. Wilkerson, for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax against petitioner in the amounts of $5,210.66 for 1965 and $8,746.71 for 1966. The questions for decision are: (1) whether payments in the amount of $15,000 made in each of the years 1965 and 1966 by petitioner to his former wife are deductible as alimony; and (2) whether legal fees of $1,625 paid in 1966 are a nondeductible personal expense. All of the facts are stipulated *200 and the stipulation of facts together with the attached exhibits are incorporated herein by reference. 586 The pertinent facts follow. The petitioner is an individual whose residence on April 2, 1970, the date of the filing of the petition herein, was Lima, Ohio. Petitioner filed his income tax returns for the taxable years 1965 and 1966 with the district director of internal revenue, Cleveland, Ohio. Petitioner and Helen Lambros (hereinafter sometimes referred to as Helen) were married May 1, 1939, at Crown Point, Indiana. They were divorced in Case No. 50184 in the Court of Common Pleas of Allen County, Ohio, on December 28, 1965. When they were divorced, petitioner was approximately 68 and Helen was approximately 53 years of age. At the time of their marriage, they were approximately 42 and 26 years of age, respectively. They had one child, Michele, born April 5, 1949. Helen filed the petition on which she subsequently obtained a divorce in the abovementioned case on June 8, 1964. The petition alleged that petitioner herein owned the real and personal property comprising the business known as Mike's Auto Wash, 519 West Market Street, Lima, Ohio; money in two banks; *201 stocks and securities partly in his own possession and partly in the possession of his broker; and that the parties together owned their home, car, furniture, other personal property, and three pieces of real estate, one located on North Main Street in Lima; one in Wapakoneta, Ohio; and one in Chicago, Illinois. The prayer of the petition was for divorce, custody of minor child, "temporary and permanent alimony and support of child," and "division of property, both real and personal." With her petition Helen filed a motion for "temporary alimony and support for both herself and her minor child during the pendency of this cause." On July 22, 1964, petitioner filed an answer in the divorce case admitting the marriage and birth of the child but denying generally the remaining allegations of Helen's petition. On September 10, 1964, an agreed order was made on Helen's application for alimony pendente lite and child support. In it, petitioner was ordered to pay Helen $254 per month (his social security check) and to pay all expenses of maintaining the home of the parties except groceries. The divorce case was tried on August 5, 1965. On December 21, 1965, the court prepared and filed *202 in the divorce case a document entitled "MINUTES," the pertinent provisions of which are as follows: From the evidence adduced, the Court finds that the parties have a net worth of more than Three Hundred Twelve Thousand Dollars. ($312,000.00). The Court further finds that the Plaintiff did assist and work with the Defendant in the early years of their marriage. The Court finds that an equitable distribution of said property ought to be made and that the Plaintiff be granted property or cash in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) * * *. The sum of $150,000 was to be paid as follows: (1) $20,000, being the value of the house and furnishings; (2) $5,000, being the value of horses, automobile and stock in the name of Helen Elizabeth Lambros and her daughter; (3) $25,000 in cash upon the signing of the journal entry or within 30 days thereafter; (4) $100,000 in cash to be paid within 90 days from the date of the journal entry or in semi-annual installments of $5,000 each with interest at four and one-half percent (4 1/2%), payable quarterly, until the $100,000 together with interest is paid. This division of the property shall be in lieu of all support *203 for said Plaintiff and the Defendant shall henceforth not be liable for the support of said Plaintiff. The court also provided that the amounts required to be paid be secured by a mortgage upon certain real property and a chattel mortgage, and further provided as follows: Said allowances herein made on behalf of the wife shall be in full of all claims by said wife including the rights of dower and the Defendant shall have as his own all the real property of the parties, all of which are now in his name, and the said Plaintiff shall be barred from all rights of dower therein and the Defendant shall have all other property of the parties, real or personal, not herein specifically granted to the wife. * * * The Court of Common Pleas of Allen County, Ohio, entered a "JOURNAL ENTRY" filed in the divorce case on December 28, 1965, the pertinent provisions of which are as follows: The Court further finds from the evidence adduced that the parties hereto have a total net worth in a sum in excess of Three Hundred Twelve Thousand 587 Dollars ($312,000.00). The Court finds that an equitable distribution of said property should be made. * * * It is further ordered that the plaintiff *204 be granted property and/or cash in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) * * * During the taxable year 1965, petitioner paid his former wife, Helen Elizabeth Lambros, the sum of $15,000 which was a portion of the sum of $25,000 which he was ordered to pay to her by the terms of the "JOURNAL ENTRY" in the divorce court. During the taxable year 1966, petitioner paid his former wife, Helen Elizabeth Lambros, $10,000, the remaining portion of the $25,000 payment, which he was ordered to pay to her by the terms of the "JOURNAL ENTRY." In addition, during the taxable year 1966, petitioner paid to his former wife the sum of $5,000, as the first semi-annual installment on the principal sum of $100,000, which he was required to pay his former wife under the provisions of the "JOURNAL ENTRY." The amounts paid by petitioner to his former wife, Helen Elizabeth Lambros, in each of the years 1965 and 1966, as detailed above, were deducted by petitioner on his Federal income tax returns for the respective years. The amounts so deducted were disallowed by the Commissioner. The legal fee in the amount of $1,625 which petitioner Michael N. Lambros claimed as a deduction *205 on his return for 1966 and which was disallowed as a deduction by the Commissioner, represents the full amount paid by petitioner to his attorney as the latter's fee for representing him in the divorce action filed against petitioner by his former wife. This case presents an all too familiar problem. Petitioner claims the amounts which he paid to his former wife pursuant to the divorce decree were includible in her income under section 71, I.R.C. 1954, [1] and so deductible by him under section 215, I.R.C. 1954. It has often been held that the resolution of this problem is a question of fact. Elizabeth H. Bardwell, 38 T.C. 84, affd. 318 F. 2d 786; Lewis B. Jackson, Jr., 54 T.C. 125; Edith M. Gerlach, 55 T.C. 156. It has also been held that: For income tax purposes, Section 71 is directed toward periodic payments made to a wife, or former wife, as alimony or support money. The prerequisite of alimony or support also applies to the provisions of Section 71(c) for treating installments on a principal sum which may be paid over *206 more than 10 years as periodic payments. McCombs v. Commissioner, 397 F. 2d 4, at p. 7, affirming a Memorandum Opinion of this Court. In this case we have a completely stipulated set of facts and must depend on that stipulation for our conclusions of law. In McCombs, supra at p. 7, it was also said: Sections 71 and 215 apply only where the legal obligation to pay periodic installments arises out of a family or marital relationship in recognition of the general liability to support a wife or family. In Bardwell v. C.I.R., supra, 318 F.2d at 789, we said that Congress sought to accomplish this purpose "while at the same time permitting a divorced wife or husband to receive a division of capital tax free." After carefully studying the record herein and particularly the divorce court entries we conclude that the payments in controversy were made as part of a property settlement and not as alimony or support. The divorce court found that the former husband and wife had accumulated a net worth of some $312,000, that the former wife had assisted and worked with her husband during the early years of their marriage and that an equitable distribution *207 of the property should be made. Accordingly, the former wife was granted property or cash in the sum of $150,000 (a half for all practical purposes). Hardly any reference is made to support or alimony by the divorce court, except that "This division of property shall be in lieu of all support for said Plaintiff [wife] and the Defendant shall henceforth not be liable for the support of said Plaintiff." No amount of the settlement was designated as support or alimony. The amounts in question apparently had no reference to amounts which might be needed for former wife had assisted and worked with as we can see they depended neither on the wife's needs nor the husband's ability to pay. They were payable in any event and were not to stop on the wife's 588 death or remarriage. To us, the arrangement has all the earmarks of an out-and-out division of property or capital and none of the earmarks of alimony or support payments. Accordingly, petitioner is not entitled to the claimed deductions. See McCombs, supra. So far as the legal fee in the amount of $1,625 claimed as a deduction is concerned, the fees were paid to the husband's attorney for representing him in the *208 divorce proceedings. Clearly, under United States v. Gilmore, 372 U.S. 39, such fees are not deductible. Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩