**BROWN et al. v. UNITED STATES.**

**No. 31683.**

United States District Court,
N. D. California, S. D.

March 30, 1954.

A. S. Gilkbarg, Paul T. Wolf, San Francisco, Cal., for plaintiff.

Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for Government.

GOODMAN, District Judge.

Plaintiff, the executrix of the estate of Joseph S. Civelli, seeks recovery of $9,193.41 in income taxes allegedly erroneously assessed and collected from the decedent, Civelli. The assessment resulted from the disallowance of a deduction of $12,500 claimed by Civelli in his 1948 income tax return. The deduction represented the sum paid by Civelli in satisfaction of a California judgment in favor of his former wife for 25 monthly payments due her under a settlement agreement incident to their divorce.

Plaintiff asserts that the deduction was properly taken pursuant to Sections 22(k) and 23(u) of the Internal Revenue Code, 26 U.S.C., which allow the deduction by a former husband of "periodic payments" made to a divorced wife subsequent to the decree "in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband * * * under a written instrument incident to such divorce". At oral argument, the Government contended that the deduction did not represent "periodic" payments. In its brief, the Government concedes that "there does not appear to be any substantial basis for contending that the payment was other than 'periodic'." But it claims that the payments deducted were not made, as statutorily required, "in discharge of, a legal obligation" arising out of the "marital or family relationship," but rather were made in settlement of community property interests of Mrs. Civelli.

The only evidence concerning the purpose of the monthly payments is the settlement agreement which imposed the obligation to make them. The agreement declares that it was made because of the desire of the parties "fully and finally to adjust, determine and settle their property rights and all rights to support and maintenance" and that it represents the full and final determination of such rights. By the agreement, Mrs. Civelli received a lump sum of $31,300, a $10,000 insurance policy on the life of Mr. Civelli, certain furniture, and a fur coat. In addition, Mr. Civelli promised to make the monthly payments of $500 to Mrs. Civelli so long as he should continue in his current employment or in any similar employment with comparable compensation.

The agreement does not label any of these awards to Mrs. Civelli as being in settlement either of her property rights or her rights to support. But there is certainly no indication that the monthly payments were intended to reimburse Mrs. Civelli for any property interest. To the contrary, in view of the avowed purpose of the agreement to provide for the support of Mrs. Civelli and the fact that the payments were entirely contingent upon Civelli's future income from his employment, it seems clear that the payments were agreed upon as the method by which Civelli should discharge his marital obligation of support.[1]

1. Compare Brown, 1951, 16 T.C. 623, and Hogg, 1949, 13 T.C. 361, in which the tax Court reached the same conclusion upon somewhat similar considerations.

The government further contends that although the monthly payments may meet all the requirements for deductibility specifically set forth in Sections 22(k) and 23(u), they are nevertheless not deductible because they were not "alimony" payments under California law. The basis for this contention is that Section 120 of the Revenue Act of 1942, 56 Stat. 798, 816, 26 U.S.C.A. Int.Rev. Acts, p. 185, which added Sections 22(k) and 23(u) to the Internal Revenue Code, is entitled "Alimony and Separate Maintenance Payments." The Government deduces from the title that any of the payments specifically described in the code sections must be either "alimony" or "separate maintenance payments" within the meaning of state law. The judgment of the California court in favor of the former Mrs. Civelli for the 25 overdue payments, is cited to support the view that Civelli's payments were not "alimony" under California law. Most of the payments, ordered in the California judgment, fell due after the remarriage of Mrs. Civelli. Since, under California law, the obligation to pay alimony does not survive the remarriage of a divorced wife, the Government contends the California court must have concluded that the payments were not "alimony."

■ This contention is without merit, because the deductibility of payments under Sections 22(k) and 23(u) does not depend upon how they are characterized by state law. The House Report on the Revenue Act of 1942 which added Sections 22(k) and 23(u) to the Code states that these sections were "intended to provide in certain cases a new income tax treatment for payments *in the nature of or in lieu of* alimony or an allowance for support as between divorced or legally separated spouses." The report further states that these sections "will produce

uniformity in the treatment of amounts paid *in the nature of or in lieu of* alimony regardless of variance in the laws of different States concerning the existence and continuance of an obligation to pay alimony".[2] It is obvious that the title "Alimony and Separate Maintenance Payments" was employed in the Revenue Act of 1942 merely as a shorthand description of the general subject matter of the new sections.

Judgment may enter for the plaintiff upon findings to be presented according to the Rules.

2. House Report 2333, 77th Congress, Second Session, p. 71 (emphasis added). For other cases noting that deductibility of items pursuant to Sections 22k and 23u should not depend upon state law see Grant v. Commissioner of Internal Revenue, 2 Cir., 1953, 209 F.2d 430; Laughlin's Estate v. Commissioner of Internal Revenue, 9 Cir., 1948, 167 F.2d 828; Lilian Bond Smith, 21 T.C. 353; Hogg, supra note 1; Hesse, 1946, 7 T.C. 700.