**UNITED STATES of America, Plaintiff,**

v.

**Bertha SOLTERMANN, formerly Bertha M. Underwood, Defendant.**

**No. 36215.**

United States District Court
N. D. California, S. D.
May 23, 1958.

Richard Foster, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Leon Schiller and Cyril Louis Weeks, of Lansburgh, Hoffman & Schiller, San Francisco, Cal., for defendant.

LINDBERG, District Judge.

The principal issue to be decided in this litigation is whether the monthly payments made to the defendant by her former husband were made in discharge of a legal obligation, which because of the marital or family relationship was imposed upon or incurred by the husband under a decree or written instrument incident to the divorce proceedings between the defendant and her former husband. If so, they are taxable as income to the defendant and the plaintiff must prevail.

It is defendant's position that these payments were made in recognition of the defendant's interest in a jewelry business started and developed through the joint efforts of defendant and her former husband and that the obligation was incurred in recognition of her property rights arising out of the business relationship between them.

Defendant relies heavily on the decision of the Supreme Court of Florida construing the separation agreement between her and her former husband as a property settlement agreement and holding that inasmuch as the decree of divorce was based thereon it, even though reciting that payments were for alimony, could not change the nature of the obligation.

If the sole question here was the determination of the nature of the agreement as between the parties, this court might be bound by such decision. However, the United States was neither a party to that litigation nor to the agreement and the issue here involved is the liability for taxes resulting because of the periodic payments made to defendant under that agreement. As stated by Judge Frank in the case of Grant v. Commissioner of Internal Revenue, 2 Cir., 209 F.2d 430, at page 434: "Consequently, we think that the ordinary rules, relative to private rights and duties growing out of the facts of a particular contract, must give way to the paramount

aim of the revenue statute before us here."

Conceding that the obligation incurred and imposed by the agreement and decree settled and disposed of property rights as between the defendant and her former husband, it appears clear to the court from the evidence that the obligation was also "in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband."

The agreement and decrees specifically refer to the husband's obligation to maintain and support the wife. While the defendant, it appears under the evidence, did not employ her own counsel and may not have been fully advised as to her rights at the time of the divorce proceedings, she clearly understood shortly after if not at the time of making the agreement that she was going to be called upon to pay taxes on the income she was to receive and she did pay them for some time and until after the later Florida litigation. The former husband it would appear was initially seeking to settle property rights and also assume and provide for other marital obligations including support and maintenance. The latter obligation he may have desired to be crystal clear in the decree in order to insure his right to deduct payments made thereunder from his gross income. Be that as it may, the transaction viewed as a whole indicates the agreement was entered into with a view on the part of both the defendant and former husband of discharging the husband's legal obligation imposed by the marital relationship and as such falls within the provisions of Section 22(k) of Title 26 U.S.C.A.

As stated in Laughlin's Estate v. Commissioner of Internal Revenue, 9 Cir., 167 F.2d 828, at page 829: "It will be noted that the text of the statute makes no reference to 'alimony' as such, nor to payments for support or maintenance, but seems to encompass all payments made under a decree of divorce or separation in discharge of a legal obligation imposed under a decree of divorce because of the marital relationship." See also Brown v. U. S., D.C., 121 F. Supp. 106.

For the reasons stated it is the opinion of the court that the periodic payments made to the defendant by her former husband were includable in her gross income.

Findings of fact, conclusions of law and judgment in accordance herewith and in accordance with the stipulation of counsel may be presented by mail as early as possible under the terms of the stipulation.