Bertha SOLTERMANN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16362.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1959.

Lansburgh, Hoffman & Schiller, Leon Schiller, Cyril Louis Weeks, San Francisco, Cal., for appellant.

Howard A. Heffron, Acting Asst. Atty. Gen., Joseph Korner, Fred E. Youngman, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Lynn J. Gillard, U. S. Atty., San Francisco, Cal., for appellee.

Before MAGRUDER, POPE and HAMLIN, Circuit Judges.

MAGRUDER, Circuit Judge.

This is not the usual case in which the taxpayer is suing to obtain a refund of taxes allegedly paid contrary to law; rather, here the United States is suing to recover a refund (as the government is permitted to do pursuant to 26 U.S.C. § 7405(b)) where the refund is alleged to have been allowed by mistake and paid by the Commissioner. It seems to us to follow inescapably that the United States, as plaintiff in this case, bears the ultimate burden of proof to show not only that some amount has been erroneously refunded but also how much that amount is, for otherwise the court is without guidance in entering an appropriate judgment.

So far as we can see, the plaintiff does not contest the foregoing proposition; but it argues that the United States has maintained that burden of proof by a prima facie showing indicating that all of the refund was made in error, thus casting upon the taxpayer the burden of going forward with evidence—which the taxpayer failed to do —segregating the refund, if segregation is called for, to indicate how much of the

refund was proper and not subject to recovery in this action. We know of no authority to support this position taken by the government.

■ The case involves the taxability to an ex-wife of certain payments received by her from her former husband pursuant to a so-called "Separation Agreement" embodied in a decree of divorce. Where periodic payments were decreed in satisfaction of an obligation of support, it was thought by the Congress to be unfair to make the former husband pay an income tax upon the amount of such payments. Accordingly, it was provided in § 22(k) of the Revenue Code, as added by § 120 of the Revenue Act of 1942, 56 Stat. 816, 817, that the ex-wife would have to report such payments as income to her; and in § 23(u) that the ex-husband should be allowed to deduct from his taxable income the amount of such payments. On the other hand, if the payments by the ex-husband were in satisfaction of some property rights of the ex-wife which she had agreed to surrender, then the payments by the ex-husband partook of the nature of a capital investment by him, and the amount thereof was not taxable income to the ex-wife nor deductible by the ex-husband. And naturally it might be possible that payments made by the ex-husband would partake of a dual nature, requiring some evidence upon which a segregation might be made.

In § 22(k) of the Revenue Code, as amended, it was provided as follows:

"In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. (In cases where such periodic payments are attributable to property of an estate

or property held in trust, see section 171(b).)" 26 U.S.C.A. § 22(k).

Section 23(u), as added in 1942, was a new subsection amending § 23 (relating to deductions from gross income). It read:

"In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection." 26 U.S.C.A. § 23(u).

Since it is clear from the statutory language what the Congress had in mind, it is not necessary to quote from the committee reports. See Committee on Ways and Means, H. Rep. No. 2333, 77th Cong., 2d Sess., p. 71 et seq.

In 1945 the marriage of appellant and Herbert F. Underwood went on the rocks. Hence, as of September 11, 1945, the parties entered into a separation agreement which provided, among other things, for certain monthly payments to be made by the husband "As and for alimony and in full and complete satisfaction of the husband's obligation to maintain and support the wife". It was also stated: "It is expressly understood and agreed that the said monthly payments of alimony shall not cease if a divorce is subsequently granted between the parties hereto and if, thereafter, the wife remarries, but such monthly payments shall continue during the life of the wife without any diminution or cessation." In addition, it was said that if the wife should ever sue the husband for divorce, the husband not being in default under the terms of the separation agreement, "the wife agrees that the provisions contained in this agreement are fully satisfactory and that this agreement shall be presented to the Court for the inclusion of the terms hereof in any final decree of divorce as and for all of the wife's claim against the husband for her support."

On September 13, 1945, the Circuit Court for Duval County, Florida, entered a final decree of divorce. This decree, reciting that the court has given consideration to "the stipulation of the parties heretofore made which has been filed in evidence," but without any other reference to the separation agreement, imposed upon the ex-husband the obligation to make the same monthly payments which had been called for in the agreement "As and for temporary and permanent alimony and in full and complete satisfaction of the defendant's obligation to maintain and support the plaintiff".

For each of the years 1945 through 1951, appellant received various monthly payments from her ex-husband as called for in the agreement. When she filed her tax returns for these taxable years, she first treated such payments as income to her upon which she paid the appropriate taxes.

On February 8, 1952, Herbert F. Underwood filed in the original divorce proceeding a "Petition to Modify Alimony Decree" based upon a change of circumstances. The Circuit Court for Duval County, Florida, was impressed by the fact that there had been a change in the remarriage of the ex-wife subsequent to the decree of divorce, and said that it "does not comport with public policy nor should it that a divorced wife should live with a new husband whose duty it is to support her and while at the same time she collects support from a previous husband." Therefore the Circuit Court modified its divorce decree to the extent of relieving the ex-husband of the obligation to make future monthly contributions to the ex-wife as called for in the original decree.

Upon appeal to the Supreme Court of Florida, this amended decree of the Circuit Court was reversed, in Underwood v. Underwood, 1953, 64 So.2d 281. For various reasons we are unwilling to say that this decision by the Supreme Court of Florida is binding upon the United States as a determination that the pay-

ments called for by the separation agreement and the divorce decree were intended by the parties, and in legal effect were made, solely in release of the ex-wife's property interest in the jewelry business which had during coverture been operated by the husband for many years. So far as concerns the doctrine of res judicata, it is obvious enough that the United States is not bound by Underwood v. Underwood, since the United States was in no sense a party to the divorce proceedings.

After the decision by the Supreme Court of Florida in Underwood v. Underwood, appellant filed with the Commissioner petitions for refund of the taxes which she had paid the government on these payments received from her ex-husband. At first the Commissioner determined that such payments of taxes were erroneous and made the refunds. Now the Commissioner is seeking to recover the amount of such refunds.

The uncontradicted testimony of appellant in the present record shows that for a long period of time she devoted her services to the conduct of her husband's jewelry business. It seems to be uncontested that in these circumstances a wife obtains some kind of a property interest in the business, according to Florida law. It does not follow, however, that the payments called for in the separation agreement and in the divorce decree were in satisfaction of a release by the ex-wife of her interest in such business. As stated in the government's brief, "Whether payments received by a divorced wife from her former husband fall within the purview of Section 22(k) depends, of course, on their true nature, not on the labels employed to describe them." The fact that, according to the separation agreement, the monthly payments were to last for the lifetime of the ex-wife rather than to terminate upon the death of the ex-husband or upon the remarriage of the ex-wife, tends to show that the stipulated monthly payments were not really in satisfaction of an obligation of support. At any rate, we cannot discern from the findings filed by the district court in the present case any clear declaration that the monthly payments made to the defendant by the former husband were merely in discharge of a legal obligation of support.

In its memorandum opinion filed with the findings of fact, the district court said: "Conceding that the obligation incurred and imposed by the agreement and decree settled and disposed of property rights as between the defendant and her former husband, it appears clear to the court from the evidence that the obligation was also 'in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband.'" 163 F.Supp. at page 399. Later in the same memorandum opinion it was said: "The former husband it would appear was initially seeking to settle property rights and also assume and provide for other marital obligations including support and maintenance. The latter obligation he may have desired to be crystal clear in the decree in order to insure his right to deduct payments made thereunder from his gross income. Be that as it may, the transaction viewed as a whole indicates the agreement was entered into with a view on the part of both the defendant and former husband of discharging the husband's legal obligation imposed by the marital relationship and as such falls within the provisions of Section 22(k) of Title 26, U.S.C.A." 163 F.Supp. at 399.

In view of the foregoing, the district judge entered judgment for the United States upon the theory that the refunds theretofore made by the Commissioner were in their entirety erroneous and should be recovered by the United States. 163 F.Supp. 397. But if it is true that the payments received were in part in settlement of property interests of the ex-wife and in part in settlement of the obligation of support, a segregation was called for, as to which there was no evidence in the record and no findings by the district court.

The judgment of the District Court is vacated and the case is remanded to that Court for further proceedings not inconsistent with this opinion.