William Wells-Lee and Evelyn L. Wells-Lee v. Commissioner.
Wells-Lee v. Commissioner
Docket No. 2079-64.
United States Tax Court
T.C. Memo 1966-236; 1966 Tax Ct. Memo LEXIS 47; 25 T.C.M. (CCH) 1217; T.C.M. (RIA) 66236; October 24, 1966
*47 Petitioner and his former wife were divorced in 1960. Pursuant to a decree of divorce a $13,600 payment denominated "alimony" by the state court was made. The respondent contested the deductibility of this payment under sections 215 and 71(a)(1) and sec. 1.71-1(b)(4), Income Tax Regs. Held, the $13,600 was a property settlement and therefore not includible in the gross income of the wife and not deductible to the petitioner. Max Myers, for the petitioners. Donald W. Geerhart and Larry K. Hercules, for the respondent. FORRESTER
*48 Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent has determined a deficiency in the petitioners' income tax for the year 1960 in the amount of $2,521.54. Evelyn L. Wells-Lee is a petitioner herein solely by reason of having filed a joint return with her husband William Wells-Lee, who from this point on will be referred to as the petitioner. Their return was timely filed with the district director of internal revenue at Kansas City, Missouri. Petitioner disputed the deficiency in its entirety, however a small automobile expense item is no longer contested by him. The sole remaining issue is whether the petitioner is entitled to a deduction for a $13,600 payment which he made to his first wife, Alice T. Wells-Lee, on September 17, 1960. Some of the facts have been stipulated and are so found. Petitioner and Alice were married in 1944; however, since July 2, 1954, they have lived separately under an agreement of that same date which provided in pertinent part: SEPARATION AGREEMENT THIS AGREEMENT is made and entered into by and between William Wells-Lee of the County of Jasper, State of Missouri, hereinafter called the Husband, and Alice Wells-Lee of *49 the County of Jasper, State of Missouri, hereinafter called the Wife. * * *
WHEREAS, differences have arisen between said Husband and Wife and they have mutually agreed to live apart from each other, and WHEREAS, said Husband and Wife are desirous of settling any and all claims for support and maintenance that said Wife might have against said Husband for herself and for the child born of said marriage, and WHEREAS, said Husband and Wife are desirous of fairly dividing their property, and fairly settling forever any and all claims either of them may now have against the other, or may hereafter have, as the result of the marriage aforesaid; therefore this agreement, WITNESSETH: I. Now said Husband covenants as follows: * * *
4. That he will pay the sum of $125.00 per month for the support and maintenance of said minor child until he becomes of age, and he will pay the sum of $125.00 per month for the support and maintenance of the Wife until she remarries. * * *
II. Now said Wife covenants as follows: * * *
3. That in case the marriage between the parties hereto should be dissolved by order of court, then the settlement provided in this agreement *50 shall be accepted as maintenance or alimony, and shall be presented to the court for approval, and incorporated into the judgment and decree of the court. * * *
III. It is understood between the parties: 1. That in full settlement or release of any and all claims either of them may have against the other, or may hereafter have as the result of the marriage aforesaid, the property now owned jointly or severally by the parties shall be divided as follows: a. The 1951 Packard automobile shall become the property of the Wife. b. The 1954 Desoto shall become the property of the Husband. c. The respective interests of each of the parties in all the remainder of the property, both real and personal, whatsoever and wheresoever shall remain unchanged, * * * It is further agreed that in the event of sale of any jointly owned property the net proceeds after payment of existing loans will be divided equally between the Husband and Wife. 2. That the agreement is not being entered into for the purpose of inducing either of said parties to divorce the other, but as a result of the premises aforesaid. 3. That in case the marriage should be dissolved by order of the court, then the *51 provisions of this instrument concerning custody of the child, property settlement, alimony and child support shall be presented to the court for approval and incorporated into the judgment and decree of the court. Petitioner would have us entirely ignore this agreement and all other evidence of record, and consider only the divorce decree which provides in pertinent part that - IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
at Joplin April Term, 1960 BE IT REMEMBERED, That on the 17th day of September 1960 it being the 61st Judicial Day of said Court, among others, the following proceedings were had, to-wit: Alice T. Wells-Lee Plaintiff versus William Wells-Lee Defendant] 51565 * * *
It is further ordered and adjudged by the Court that the Plaintiff have and recover of and from the Defendant as and for alimony for the year 1960, the sum of $13,600.00 and the further sum of $2,400.00 per year beginning January 1st, 1961 payable at the rate of $200.00 per month on the first day of each month for a period of 10 years from January, 1st, 1961, said payments shall cease upon the death of either of the Plaintiff or the Defendant or upon the re-marriage of the Plaintiff. *52 Now comes the Plaintiff and in open Court acknowledges satisfaction of the award for the year 1960 in the sum of $13,600. Petitioner's position seems to be that because the decree denominated the $13,600 paid in 1960, "as and for alimony" that that is an end to the matter, and that he was entitled to an "itemized deduction" in such amount on his 1960 income tax return. Petitioner misconceives the law. Section 215[1] allows him as a deduction those amounts which he pays to his wife and which are includable in her gross income under section 71. Section 71 provides that the wife's gross income shall include periodic payments (whether or not made at regular intervals) received in discharge of a legal obligation imposed on or incurred by the husband because of the marital or family relationship. Section 1.71-1(b)(4), Income Tax Regs., provides that 71(a) applies only "to payments * * * in recognition of the general obligation to support * * *." Though petitioner had the burden of proof he neither appeared nor testified at the trial of this case. Therefore, we must look to other evidence *53 to establish the true nature of the payment in question. The discrepancy in size between the $13,600 award for 1960 and the $200 per month thereafter suggests that the first year's payment included a property settlement. The respondent has introduced the testimony of Frank C. Collins, the revenue agent with the Internal Revenue Service who first disallowed the disputed $13,600 payment. Collins testified that a week before the present trial he was sent to petitioner's house to deliver a subpoena. In response to the petitioner's question asking why he was being served, Collins stated that the alimony payment was in dispute. The petitioner answered by saying: "That was what my wife and I had accumulated and divided up at the time of our divorce." Collins, not being sent for investigative purposes, answered some more questions and left. Had the petitioner been assessed $13,600 for support and maintenance in 1960, he would surely not have been under the impression that the payment was a dividing up of jointly accumulated property. Other evidence supports the conclusion that the divorce decree incorporated a property settlement. The fact that the decree itself states that the $13,600 *54 award for 1960 has been fully satisfied gives rise to the inescapable conclusion that the money was paid at least simultaneously with, if not prior to, entry of the decree. The respondent asserts that, because petitioner failed to introduce evidence of what actually transpired in the state court, the statement in the decree to the effect that the 1960 award had been satisfied should be construed as evidence of a collusive arrangement. We do not find it necessary to decide whether or not the decree was in fact collusive, however, we do find the fact of concurrent payment to be evidence tending to prove that the $13,600 was not a support award but was a property settlement. That a property settlement was in fact reached is consistent with the record proof that petitioner and his first wife, Alice, did own property jointly. Exactly how much property was jointly held was never shown, but the total was more than a nominal amount. Although jointly held Missouri realty was divided up in December of 1960, (after the entry of the decree) the disposition of the proceeds of a 1959 sale of jointly held Florida real estate were never accounted for. After the Florida sale, the proceeds were put *55 in escrow with Alice's lawyer. Petitioner produced no evidence of the ultimate disposition of these funds. Respondent suggests that these funds were released to petitioner on the day of the divorce pursuant to an agreement to pay them over to Alice. Support for this assertion is found in a series of letters written by petitioner's attorney to Alice's attorney during the period 1959 and 1960. These letters, which are attempts to arrive at a settlement in the divorce proceeding, show a disposition to arrive at a property settlement. Furthermore, a deposit in the petitioner's bank account on the day of the divorce, September 17, 1960, in an amount sufficiently close to the net proceeds of the sale of the Florida land, gives rise to an inference that these are the proceeds of such sale. In light of all the evidence we find the $13,600 payment for the year 1960 to be in the nature of a division of jointly held properties, and it is axiomatic that payments of such character are not payments in discharge of an obligation to support imposed or incurred because of the marital or family relationship. The payment in question was characterized as "alimony" by the state court, however, we are *56 not bound by the state court's characterization. The texts of the relevant sections of the Internal Revenue Code do not use the word "alimony," but prescribe only that payments in discharge of legal obligations which are imposed because of the family relationship are includable in the wife's gross income and deductible to the husband. Sections 71 and 215. The regulations amplify the statute by explaining that section 71(a) applies only to payments made because of the marital relationship and in recognition of the general obligation to support. Section 1.71-1(b)(4), Income Tax Regs. Cf. Soltermann v. United States, 272 F. 2d 387 (C.A. 9, 1959). Where, as in the present case, the petitioner has relied exclusively on the state court's characterization of the award as alimony he has not carried the burden of proof. No additional evidence has been introduced to show that the award was anything other than what the respondent says it is - a division of jointly accumulated properties. In fact, all the other evidence adduced at trial supports the respondent's position. That we are not bound by a state court's characterization in the decree is well established. In Bardwell v. Commissioner, 318 F. 2d 786 *57 (C.A. 10, 1963), affirming 38 T.C. 84, it was held that even though a Colorado court might characterize payments under a divorce agreement in a particular way, the tax incidences of the payments would not be governed by state law. See also Taylor v. Campbell, 335 F. 2d 841, 845 (C.A. 5, 1964); Ann Hairston Ryker, 33 T.C. 924, 929 (1960). Only when the Code by express language or necessary implication makes its own operation dependent upon state law are we bound by a state standard. In all other cases, uniform Federal standards must prevail. Lyeth v. Hoey, 305 U.S. 188, 194 (1938). Here, the Code makes the taxability of payments incident to a divorce depend on their true nature. It is this Court's job to discover their true nature. A state court's characterization of an award as "alimony" is merely some evidence of the payment's true character, not conclusive proof. Having granted a divorce, the state court awarded money; the burden of proof was on the petitioner to show why the money was awarded. Having failed to carry the burden. Decision will be entered for the respondent. Footnotes
1. All Code references are to the Internal Revenue Code of 1954.↩