OPINION Kern, Judge: The question before us is whether the payments made by petitioner to his wife during the taxable years pursuant to the separation agreement set out in our findings were alimony or support payments “because of tbe marital or family relationship” and thus deductible under sections 71 (a) (2) and 215(a) set out in the margin [4] or were payments made in satisfaction of his wife’s property rights and therefore nondeductible capital expenditures. See Wilma Thompson, 50 T.C. 522, 525. The solution depends on the facts of the case and is not governed by the labels put upon such payments by an agreement or decree. Ann Hairston Ryker, 33 T.C. 924. The burden of proof is on petitioner. So far as the record discloses respondent has made only one determination of deficiency in this matter, i.e., the determination against petitioner, which is presumed to be correct. See Welch v. Helvering, 290 U.S. 111. Petitioner points to positions taken by respondent’s agents vis-a-vis petitioner’s wife which it is alleged are inconsistent with the determination against petitioner, e.g., the denial of her claim for refund, but which are not supported by any presumption of correctness. Nothing in the record suggests these putative inconsistent positions taken by respondent’s agents, in the ambiguous situation forming the background of the separation agreement, were arbitrary and not reasonable steps taken to protect the fisc. In our opinion they do not obliterate the presumption of correctness attaching to the determination of the deficiency in petitioner’s tax or shift the burden of proof from petitioner. See Nat Harrison Associates, Inc., 42 T.C. 601, 617; Leon R. Meyer, 46 T.C. 65, 82, reversed on another issue 383 F. 2d 883 (C.A. 8). We are unable to agree with petitioner’s contention that the payments made by petitioner to his wife pursuant to the separation agreement were entirely for her support and thus were “made * * * because of the marital or family relationship.” However, in our opinion, petitioner has proved that a part of such payments was made for that purpose. Relying on the facts established by the record, a careful scrutiny of the agreement, a consideration of what petitioner and his wife testified to and what they failed to testify to, and bearing in mind that the burden of proof is on petitioner, it is our opinion that the greater part of the periodic payments made by petitioner were intended to be and were in payment of the wife’s interests in certain property which petitioner wished to acquire. To a large amount these payments were to continue despite the divorce and remarriage of the wife and were to continue to be made to the wife’s son and natural heir after her death — 'both circumstances being “* * * persuasive that payments to the wife represent a property settlement rather than support payments.” See Wilma Thompson, supra at 526. On the other hand we are also convinced that a part of the periodic payments made by petitioner were intended to be and were in payment of the wife’s right to support. Obviously the wife had such rights to support, just as she had property rights. While the property rights are more prominently featured in the agreement than the support rights, the agreement did provide that the payments were to be in satisfaction of such rights. Significantly a part of the payments was to end upon the remarriage of the wife, indicating that the consideration for such part of the payments was the satisfaction of the wife’s right to support. Thus we have a situation similar to that present in Soltermann v. United States, 272 F. 2d 387, in which (p. 390) “the payments * * * were in part in settlement of property interests of th ex-wife and in part in settlement of the obligation to support” and thus a segregation between them is necessary. Fortunately there are present in this case factual criteria not available to Judge Magruder in the Soltermarm case by which a segregation can be made. This circumstance makes it unnecessary for us to dispose of this case by a draconic application of the burden-of-proof approach with an “either-or” result. Article Seventeenth of the separation agreement provides that if the wife “should remarry before the full balance of the sum of fifty-eight thousand five-hundred sixteen dollars and sixty-five cents ($58,516.65) is paid unto her then the [wife] shall forfeit the balance of the aforesaid sum payable under this Agreement or a sum of weekly payments in the aggregate of twenty-five thousand dollars ($25,000) whichever amount shall be the lesser” but with the further proviso that the weekly payments of $16.22 due under the mortgage covering the home property transferred to the wife and included in the $111.46 weekly payments to be made by petitioner should continue to be made regardless of the wife’s remarriage. Thus of the weekly payments called for by the agreement in the total aggregate amount of $58,516.65, the sum of $33,516.65 was payable in all events to or for the benefit of the wife or to her natural heir upon upon her death while a maximum amount of $25,000 of these payments was subject to forfeiture upon her remarriage subsequent to any divorce. Under the facts disclosed by the record before us [5] and provisions of the separation agreement, it is our opinion that 33516/58516 of the periodic payments were made by petitioner in return for a surrender of his wife’s property rights pursuant to a property settlement and that 25000/58516 of the periodic payments were made by petitioner “because of the marital or family relationship” in satisfaction of her rights to support and alimony. Accordingly, we conclude that 43 percent of the periodic payments were deductible by petitioner as made under the agreement “because of the marital or family relationship” and that 57 percent of the periodic payments were made in satisfaction of the wife’s property rights as part of a property settlement and therefore not deductible. Decision will be entered under Rule 50. SBC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.— ******* (2) Written separation agreement. — If a wife is separated from her husband and tliere is a written separation agreement executed after the date of the enactment of this title, the wife’s gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. — In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband’s taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband’s gross income. The record does not contain clear and detailed testimony by either petitioner or his wife, or any testimony by attorneys representing them with regard to how much of the periodic payments was intended to be in satisfaction of the wife’s support rights and how much in satisfaction of her property rights.