LUCILLE H. LONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Long v. Commissioner
Docket No. 7577-76.
United States Tax Court
T.C. Memo 1977-284; 1977 Tax Ct. Memo LEXIS 157; 36 T.C.M. (CCH) 1132; T.C.M. (RIA) 770284; August 23, 1977, Filed Robert M. Taylor, for the petitioner. Russell K. Stewart, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Year
Deficiency
1971
$1,421.51
1972
1,106.49
1973
924.05
The only issue presented for decision is whether petitioner is required by section 71(a), Internal Revenue Code of 1954, [1] to include in her gross income for the years 1971 through 1973 certain payments she received from her former *158 husband. All of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Philadelphia, Pennsylvania, when she filed her petition in this case. She filed her Federal income tax returns for the years 1971, 1972, and 1973 with the Internal Revenue Service Center at Philadelphia, Pennsylvania. Petitioner married Louis R. Long (herein called Louis) on September 30, 1966, in Bel Air, Maryland. She was then 38 years old and Louis was 74 years old. Petitioner and her husband later separated. On March 24, 1970, petitioner and Louis signed a separation agreement "to settle and determine all questions of property and support and all other matters between them." The agreement was signed in New York City and the parties contemplated that the laws of that state would govern. The agreement obligated Louis to make certain monthly payments to petitioner from October 24, 1968 to September 24, 1976. [2] The payments were in the form of non-negotiable checks *159 postdated according to the dates the payments became due. When the agreement was executed, Louis paid to petitioner the sum of $10,200, less $3,785.47 he had previously paid to her account. The payments were to cease if petitioner died. If Louis died first, his estate was to pay petitioner $50,000 less all payments previously made. The payments were to continue if petitioner remarried unless changes in the tax laws adversely affected Louis with regard to the deductibility of the payments. By the terms of the agreement, petitioner and Louis each relinquished all claims *160 in the other's property. Petitioner also executed a separate release of any dower rights she might have had in Louis' property. Petitioner and Louis were divorced on April 21, 1970, in Juarez, Mexico.
Petitioner received payments, as provided in the agreement of March 24, 1970, in the sum of $6,320.04 in 1971, $5,220 in 1972, and $4,320 in 1973. On her Federal income tax returns she did not include these amounts in her gross income.Respondent determined such amounts should be included as periodic payments in the nature of alimony. The key to the decision in this case is whether the amounts petitioner received constitute periodic payments made by her former husband to discharge an obligation imposed because of the marital relationship. [3]
*161 Petitioner contends that the agreement between her and Louis was a property settlement in which Louis agreed to pay a specific sum in return for petitioner's relinquishment of all rights in his property, particularly the right to elect against his will. [4] To the contrary, respondent's position is that the petitioner received income in the nature of alimony. Petitioner's rights in her husband's estate were inchoate; she had to survive him as well as satisfy other conditions imposed by the statute in order to receive any benefits. Irving Trust Co. v. Day, 314 U.S. 556 (1942); In re Warren's Estate, 16 App. Div. 2d 505, 229 N.Y.S. 2d 1004, affd. 12 N.Y. 2d 854, 187 N.E. 2d 478, 236 N.Y.S. 2d 628 (1962). The right of a wife to a portion of her husband's estate is a continuation of the general duty of the husband to support his wife. In re Greenberg's Estate, 261 N.Y. 474, 185 N.E. 704 (1933). Congress did not intend that these conditional rights, which arise from the husband's general duty of support, be the sole basis of *162 a property settlement exempt from tax to the wife. If property owned by the wife is retained by the husband after the separation, payments for the property are not included in the wife's income. However, payments solely for "the release of the husband or his property from marital obligations" are not considered payments for property owned by the wife. H. Rept. No. 2333, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 428; S. Rept. No. 1631, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 569. Since the inchoate rights of the wife in the husband's property are a part of the husband's duty to support his wife, payments releasing the husband and his property from that duty are for the discharge of marital obligations imposed by law. See Wright v. Commissioner, 62 T.C. 377 (1974), affd. 543 F. 2d 593 (7th Cir. 1976);[5]Lambros v. Commissioner, 459 F. 2d 69 (6th Cir. 1972), affg. a Memorandum Opinion of this Court. Having decided that the agreement required *163 payments for the discharge of the obligations of the marital relationship, we must next determine whether the payments were periodic within the meaning of section 71(a). Contingencies, such as payments ceasing upon the death of a spouse, cause the payments to be periodic rather than installments of a lump sum. Section 1.71-1(d)(3)(i)(a). Income Tax Regs.; Van Orman v. Commissioner, 418 F.2d 170 (7th Cir. 1969), affg. a Memorandum Opinion of this Court. The payments under the agreement in question were to cease if petitioner died. The payments were subject to the further contingency that they were to be reduced by one-half if petitioner remarried and the tax laws prevented Louis from deducting the payments. These contingencies cause the payments to be periodic. The assertion of petitioner that knowledge of respondent's position with regard to the income tax returns filed by Louis is necessary to the determination of this case is without merit. Watkins v. Commissioner, 53 T.C. 349, 359 (1969). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The Husband hereby agrees to pay to the Wife as alimony, maintenance and support monthly instalments as follows: From October 24, 1968 to and including February 24, 1970: SIX HUNDRED DOLLARS ($600.00). From March 24, 1970 to and including September 24, 1970: SIX HUNDRED TEN DOLLARS ($610.00). From October 24, 1970 to and including December 24, 1971: FIVE HUNDRED TWENTY-SIX DOLLARS AND SIXTY SEVEN CENTS ($526.67). From January 24, 1972 to and including September 24, 1972: FOUR HUNDRED SIXTY DOLLARS ($460.00). From October 24, 1972 to and including September 24, 1976: THREE HUNDRED SIXTY DOLLARS ($360.00).↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
4. N.Y. Est., Powers & Trusts Law sec. 5-1.1↩ (McKinney 1967).
5. In affirming Wright↩, the Court of Appeals for the Seventh Circuit made statements contrary to our position. However, the present question was not before them.