# United States Tax Court

T.C. Memo. 2022-77

ALEJANDRO J. ROJAS AND ELENA G. ROJAS,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7453-19.                                    Filed July 18, 2022.

————

*Michael K. Blue*, for petitioners.

*Nora Demirjian* and *Michael K. Park*, for respondent.

## MEMORANDUM OPINION

THORNTON, *Judge*: Respondent determined a $24,458 deficiency in petitioners' 2016 federal income tax and a section 6662(a) accuracy-related penalty of $4,892.[1] Respondent having conceded the penalty, the issue for decision is whether petitioners may deduct as alimony under section 215 certain payments that petitioner Alejandro Rojas (Alejandro) made to his former spouse, Cristina Rojas (Cristina), pursuant to a divorce decree. For the reasons explained below, we hold that they may not.

The parties submitted this case for decision without trial pursuant to Rule 122.

————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**Served 07/18/22**

[*2]                    *Background*

Alejandro and Cristina married in 1995, separated in 2010, and divorced in 2012. On July 25, 2012, the Los Angeles Superior Court (L.A. Superior Court) entered a judgment of dissolution, to which was attached a stipulated judgment that stated in part:

CHILD SUPPORT

a. Neither party shall pay child support to the other. The Court shall retain jurisdiction over the issue of spousal support until further order of the [C]ourt.

SPOUSAL SUPPORT

a. Neither party shall pay spousal support to the other. The Court shall retain jurisdiction over the issue of spousal support until mutual agreement or further order of the [C]ourt, whichever event first occurs.

FAMILY SUPPORT

a. In addition to the above provisions regarding support, family support shall be payable by Respondent [Alejandro] to Petitioner [Cristina] in the monthly amount of $4,500.00 payable on the 1st of each month. . . .

b. Such support order commences August 1, 2011 and is continuing until both minor children emancipate or Petitioner remarries. If Petitioner remarries, the family support obligation shall be modified to $2,500.00 per month until each minor child emancipate[s]. . . . The Family Support obligation is non-modifiable beyond the terms listed above.

On December 16, 2013, Alejandro filed with the L.A. Superior Court a request for order (RFO), seeking downward modification of child support. In her response, Cristina opposed the granting of the RFO, contending that "[t]here is no current child support order in place" because the stipulated judgment provided only for family support, which she contended should be construed as nonmodifiable spousal support. On February 11, 2014, the L.A. Superior Court denied the RFO without prejudice, stating in its order: "The Court makes a finding that there is

[*3] no current child support order." The L.A. Superior Court further found that the RFO sought to modify the existing family support order, entered by way of stipulated judgment, but had "fail[ed] to provide the legal authority to warrant such a modification."

During 2016 Alejandro made 12 monthly payments of $5,824 each to Cristina, for a total of $69,888.[2]

After the divorce Alejandro married petitioner Elena J. Rojas. On their joint Form 1040, U.S. Individual Income Tax Return, for taxable year 2016 petitioners deducted $69,880 as alimony payments.[3] By notice of deficiency respondent disallowed this deduction. While residing in California, petitioners timely petitioned this Court.

*Discussion*

Section 215(a) generally permits an individual to deduct from gross income "alimony or separate maintenance payments," as defined in section 71(b).[4] This deduction is allowable, however, only if the alimony or separate maintenance payments are includible in the recipient's gross income under section 71. § 215(b). As a general rule, alimony or separate maintenance payments are includible in the payee spouse's gross income. § 71(a). This general rule is inapplicable, however, and consequently no deduction is allowable under section 215, for certain such payments that are made or treated as made to support the payor spouse's children. § 71(c). More particularly, section 71(c) provides in relevant part:

> (1) In general.—Subsection (a) shall not apply to that part of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse.

---

[2] The record does not reveal why these monthly payments were higher than the $4,500 monthly family support payments required by the stipulated judgment.

[3] The record does not explain the $8 discrepancy between this reported deduction and the $69,888 of family support payments that Alejandro actually made in taxable year 2016.

[4] Congress repealed sections 71 and 215 for all divorce or separation agreements executed or modified after December 31, 2018. Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11051, 131 Stat. 2054, 2089. This repeal does not affect this case.

**[\*4]**　　　　(2) Treatment of certain reductions related to contingencies involving child.—For purposes of paragraph (1), if any amount specified in the instrument will be reduced—

　　　　(A) on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency), or

　　　　(B) at a time which can be clearly associated with a contingency of a kind specified in subparagraph (A),

an amount equal to the amount of such reduction will be treated as an amount fixed as payable for the support of children of the payor spouse.

Respondent does not dispute that the payments in question meet the definitional requirements of section 71(b)(1) for "alimony or separate maintenance payment[s]." But according to the divorce instrument's express terms, the payments are subject to a child-related contingency. Specifically, the payments continue only "until both minor children emancipate or [Cristina] remarries." Under California law a child is emancipated upon any of the following events: (1) appointment of a guardian of the person; (2) marriage; (3) attainment of majority; (4) active duty with the armed forces of the United States; or (5) receipt of a declaration of emancipation under the Emancipation of Minors Law. 10 B.E. Witkin, *Summary of California Law*, ch. XIV, § 356 (11th ed. 2021). Consequently, that provision of the divorce instrument requiring Alejandro to make family support payments only until both minor children emancipate is a child-related contingency that encompasses types of contingencies expressly specified in section 71(c)(2)(A), i.e., "attaining a specified age, marrying . . . or a similar contingency." *See also* Temp. Treas. Reg. § 1.71-1T(c), Q&A-17. The existence of this child-related contingency triggers the application of section 71(c)(1) and (2)(A) and makes the payments in question nonincludible in Cristina's gross income under section 71(a) and hence nondeductible by petitioners under section 215(b).

Petitioners argue that because the divorce instrument contains both a child-related contingency ("until both minor children emancipate") and a spouse-related contingency (until Cristina remarries), section 71(c)(2)(A) is inapplicable to this "mixed contingency." Petitioners' argument is unavailing. Under the statute's clear terms, as construed in this Court's well-established caselaw,

[*5] section 71(c)(2)(A) is triggered by "a contingency . . . relating to a child" without regard to the existence of other contingencies. *See, e.g.*, *Biddle v. Commissioner*, T.C. Memo. 2020-39 (holding that designated "alimony" payments that terminated upon the youngest child's 18th birthday, the husband's or wife's death, the wife's remarriage, or the wife's becoming self-supporting triggered application of section 71(c)(2)(A) to preclude any deduction under section 215); *Hammond v. Commissioner*, T.C. Memo. 1998-53 (holding that designated "alimony" payments that terminated upon the earlier of the child's 18th birthday or the wife's remarriage triggered application of section 71(c)(2)(A) to preclude any deduction under section 215); *Fosberg v. Commissioner*, T.C. Memo. 1992-713 (holding that designated "alimony" payments that terminated upon the earlier of the youngest child's 18th birthday or the wife's death or remarriage triggered application of section 71(c)(2)(A) to preclude any deduction under section 215).

Petitioners argue that because the L.A. Superior Court stated in its February 11, 2014, order that "there is no current child support order," the Full Faith and Credit Act, 28 U.S.C. § 1738, precludes this Court from characterizing the family support payments as nondeductible child support. Petitioners' reliance on the L.A. Superior Court's order and the Full Faith and Credit Act is misplaced. In the first place, the L.A. Superior Court's order merely reflects that under the express terms of the divorce instrument the payments in question were labeled neither as "child support" nor as "spousal support" but rather as "family support," which under California law represents combined, but unallocated, child support and spousal support. Cal. Fam. Code § 92 (West 2022); *see Berry v. Commissioner*, T.C. Memo. 2005-91. More fundamentally, federal law rather than state law governs the federal income tax treatment of such payments. *See, e.g.*, *Bardwell v. Commissioner*, 318 F.2d 786, 789 (10th Cir. 1963) (citing *Soltermann v. United States*, 272 F.2d 387 (9th Cir. 1959)), *aff'g* 38 T.C. 84 (1962). "Although the property interests of divorcing parties are determined by state law, federal law governs the federal income tax treatment of that property." *Hoover v. Commissioner*, 102 F.3d 842, 844 (6th Cir. 1996) (quoting *Green v. Commissioner*, 855 F.2d 289, 292 (6th Cir. 1988), *rev'g* T.C. Memo. 1986-269), *aff'g* T.C. Memo. 1995-183. As discussed above, our holding today does not turn upon the labels used either in the divorce instrument or by the L.A. Superior Court to describe the payments in question but rather upon the express terms of section 71(a) and (c) that make the payments nonincludible in Cristina's gross income and hence nondeductible under section 215(b).

**[\*6]**  Finally, petitioners contend that it is inequitable to treat the payments in question as nondeductible "child support" in the light of the L.A. Superior Court's order denying the RFO and purportedly rejecting petitioners' characterization of the payments as child support. Petitioners invite us to apply equitable principles to allow them to deduct the payments. Petitioners' argument is without merit. As stated in an analogous context in *Paxman v. Commissioner*, 50 T.C. 567, 576–77 (1968), *aff'd*, 414 F.2d 265 (10th Cir. 1969):

> [W]e do not regard it as necessary to discuss the question whether the allowance of deduction would or would not be equitable, it being our opinion that it is sufficient to say that not only is the Tax Court not a court of equity but that petitioners, in effect, are asking us to legislate changes in the statute as enacted by Congress. The proper forum for a petition or plea of that kind is Congress. The power to legislate is exclusively the power of Congress and not of this Court or any other court.

*See also Pollock v. Commissioner*, 132 T.C. 21, 33 (2009) ("We are similarly reticent in our refusal to create deductions, credits, or exclusions out of a desire for a fairer outcome—we understand that this would be legislation, and legislation belongs exclusively to Congress.").

Accordingly, we sustain respondent's disallowance of petitioners' claimed alimony deduction. To reflect the foregoing and to give effect to respondent's concession of the section 6662(a) penalty,

*An appropriate decision will be entered.*